UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES F. VATTEROTT ) | |
| CONSTRUCTION COMPANY, and ) | |
| D. L. DESIGN, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00303 ERW |
| ) | |
| ESTEEM CUSTOM HOMES, LLP, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Esteem Custom Homes, LLP and Nicholas G. Sigmund's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction [doc. #20], and Defendant LT Designs, LLC's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for Lack of Subject Matter Jurisdiction [doc. #21].

### **I. BACKGROUND**

On February 24, 2009, Charles F. Vatterott Construction Company and D. L. Design, Inc. (collectively, "Plaintiffs") filed a Complaint against Esteem Custom Homes, LLP; Nicholas G. Sigmund; LT Designs, LLC; Arthur P. Sanderson; and Nyla S. Sanderson. The Complaint alleges copyright infringement against all of the defendants (Count I), breach of contract against Mr. Sanderson and Ms. Sanderson (Count II), and tortious interference against Esteem Custom Homes, Nicholas G. Sigmund, and LT Designs (Count III). The lawsuit is based on the allegedly wrongful use by Defendants of a residential home plan and design called "The Jefferson."

On September 25, 2009, this Court granted Plaintiffs' Voluntary Motion to Dismiss Arthur P. Sanderson and Nyla S. Sanderson, and dismissed all claims against them with prejudice. Count II, the breach of contract claim, was only asserted against Mr. Sanderson and Ms. Sanderson. Thus, this claim is no longer before this Court. The remaining claims of copyright infringement and tortious interference remain, but are only asserted against Esteem Custom Homes, Nicholas G. Sigmund, and LT Designs (collectively, "Defendants").

On July 22, 2009, Defendant Esteem Custom Homes and Defendant Nicholas G. Sigmund filed the first pending Motion to Dismiss [doc. #20], asserting that this Court lacks subject matter jurisdiction over Count I because Plaintiffs did not have an actual copyright registration for the design of "The Jefferson" before they filed their Complaint. They go on to argue that because this Court does not have subject matter jurisdiction over Count I, the Court cannot have supplemental jurisdiction over Count III, which is a state law claim. Shortly after Defendant Esteem Custom Homes and Defendant Nicholas G. Sigmund filed their Motion, Defendant LT Designs filed its own Motion to Dismiss [doc. #21], asserting that Plaintiffs have failed to state a claim for which relief can be granted because the applicable statute of limitations bars Plaintiffs' copyright infringement claims. Defendant LT Designs also reasserts the subject matter jurisdiction and supplemental jurisdiction arguments that the other defendants made in their Motion. Plaintiffs oppose both of the pending Motions to Dismiss.

**II.     LACK OF SUBJECT MATTER JURISDICTION**

Defendants argue that this Court lacks subject matter jurisdiction over Count I of Plaintiffs' Complaint because Plaintiffs did not have an actual copyright registration for the design of "The Jefferson" before they filed their Complaint.

### A. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

For an action to be dismissed under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or be successfully challenged on its face. *See Osborn*, 918 F.2d at 729. The identification of whether a challenge is facial or factual is a necessary step, and this identification establishes how a court should proceed when resolving a motion to dismiss under Rule 12(b)(1). When subject matter jurisdiction is challenged based on the factual truthfulness of the assertions, a court is permitted to consider "matters outside the pleadings," such as testimony and affidavits. *Id.* at 729 n.2 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). When a court's subject matter jurisdiction is challenged in a facial attack, however, the Court "restricts itself to the face of the pleadings." *Id.* at 729. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In this case, Defendants' subject matter jurisdiction challenge is based strictly on the face of Plaintiffs' Complaint, and the Court will accordingly restrict itself to considering the pleadings on their face.

B.  **DISCUSSION**

Defendants' lack of subject matter jurisdiction argument is based on 17 U.S.C. § 411(a), which provides: "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." While it is clear that this statute requires registration of a copyright in order to sue for copyright infringement, *see Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994), it is not clear whether a person or entity can sue for copyright infringement while the application for that copyright is still pending. The Eighth Circuit has not addressed this issue, and there is a split of authority among those courts that have addressed it. Some courts follow the so-called "application approach," and allow a copyright infringement claim to go forward, as long as the application for the copyright registration is pending. *See, e.g.*, *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984); *Iconbazaar, L.L.C. v. Am. Online, Inc.*, 308 F. Supp. 2d 630, 634 (M.D. N.C. 2004); *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 72 (D. D.C. 2000); *Tang v. Hwang*, 799 F. Supp. 499, 502-03 (E.D. Pa. 1992).[1] Other courts follow the so-called "registration approach," and hold that there is no jurisdiction unless the copyright registration has already been allowed. *See, e.g.*, *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1200-01 (10th Cir. 2005); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990); *Specific Software Solutions, LLC v. Inst. of WorkComp Advisors, LLC*, 615 F. Supp. 2d 708, 716

---

[1] The "application approach" is also endorsed by an influential treatise on copyright law. *See* 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 716(B)(1)(a).

(M.D. Tenn. 2009); *Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.*, 315 F. Supp. 2d 1053, 1055 (C.D. Cal. 2004); *Goebel v. Manis*, 39 F. Supp. 2d 1318, 1320-21 (D. Kan. 1999).

Although there is no Eighth Circuit case on point, the United States District Court for the Eastern District of Missouri has previously addressed this issue. *See TVI, Inc. v. INFOSoft Techs., Inc.*, 2006 WL 2850356 (E.D. Mo. Sept. 29, 2006). In *TVI, Inc.*, the Honorable Jean C. Hamilton thoroughly set forth the arguments in favor of each of the two approaches, and ultimately concluded that the registration approach is the correct approach. Judge Hamilton pointed out that the registration approach incorporates the plain language of § 411(a), which "treats the acts of application and registration as distinct." *Id.* at *3. She also recognized that the registration approach is supported by other provisions of the Copyright Act, such as 17 U.S.C. § 410(a), 17 U.S.C. § 408(a), and 17 U.S.C. § 501(b). On the other hand, Judge Hamilton noted that the application approach "has significant flaws," namely that "it makes the whole second sentence of § 411(a) superfluous"; that it "fails to address why Congress, if it intended for registration and application to refer to the same event, used two different terms in the Act"; and that it "incorrectly discounts the idea that Congress wisely used the right to enforce a copyright as an incentive for people to register a copyright." *Id.* at *4.

This Court agrees with Judge Hamilton's well-reasoned opinion in *TVI, Inc.*, and adopts the reasoning set forth therein, in full. Thus, this Court will apply the registration approach, which requires a plaintiff to have a registered copyright, and not just an application for a copyright registration, before filing a suit for copyright infringement. In this case, Plaintiffs assert in their Complaint that Defendants infringed on two separate copyrights, one for the architectural plans of "The Jefferson," and one for the architectural design of "The Jefferson." When Plaintiffs

5

filed their Complaint on February 24, 2009, Plaintiff D.L. Design, Inc. owned Copyright Registration No. VA 1-381-781 for the architectural plans of "The Jefferson." (Pl.'s Complaint, doc. #1, ¶22). However, Plaintiff D.L. Design, Inc. had only filed an application for copyright registration for the architectural design of "The Jefferson." The actual registration had not yet been allowed as of February 24, 2009. Thus, applying the registration approach, and as the Complaint currently stands, this Court lacks subject matter jurisdiction over Plaintiffs' copyright infringement claim, with respect to only the architectural design of "The Jefferson."[2]

Because the Court does not have jurisdiction over Plaintiffs' architectural design copyright infringement claim, the proper action for the Court to take is to dismiss Plaintiffs' Count I without prejudice, but only to the extent that copyright infringement is asserted for the architectural design of "The Jefferson." The only issue is that, at some point after the filing of their Complaint, Plaintiffs obtained the actual copyright registration for the architectural design. The registration is deemed effective on the date that the application was filed, which in this case was November 14, 2008, before this lawsuit was filed. *See* 17 U.S.C. § 410(d). Because Plaintiffs now have the proper registration required under § 411(a), the issue becomes whether this Court should allow

---

[2]In their Reply Brief, Defendants Esteem Custom Homes and Nicholas G. Sigmund argue that "[a]lthough plaintiffs claim they had a registration in 'The Jefferson' plan at the time of filing their Complaint[,] because they combined their allegations of infringement of 'The Jefferson' plan and 'The Jefferson' design into one count and because this Court does not have jurisdiction over the allegations regarding infringement of 'The Jefferson' design, as pled, this Court does not have subject matter jurisdiction over the entire Count I." (Defs.' Reply, doc. #23, p.6). Defendants do not offer any authority to support this argument, nor do they explain why the Court should adopt their proposed approach. The Court is not persuaded by Defendants' argument, and finds that it has subject matter jurisdiction over Plaintiffs' copyright infringement claim regarding the architectural plan of "The Jefferson," even though it does not have subject matter jurisdiction over Plaintiffs' copyright infringement claim regarding the architectural design of "The Jefferson." The Court will thus not dismiss this portion of Claim I.

Plaintiffs to file an amended complaint that would incorporate the actual copyright registration of the architectural design.

If Plaintiffs were allowed to file an amended complaint that was effective when filed, Plaintiffs' claims would be barred by the applicable statute of limitations (see subsequent section for further discussion). Thus, if an amended complaint were to have any effect in this case, it would have to relate back to the original date of filing, February 24, 2009. However, as set forth above, this Court did not have subject matter jurisdiction over copyright infringement claims regarding the architectural design of "The Jefferson" on February 24, 2009, because the actual registration for the architectural design had not yet been allowed.[3] This is consistent with the findings of other courts that have confronted similar issues. *See, e.g.*, *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285-1286 (11th Cir. 2000) ("Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit. Thus, even if the new claims relate back to the original claims, they may not be added because the district court did not have jurisdiction to hear the new claims at the time the original claims were filed."); *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 2009 WL 3642769, at *6 (D. Conn. Oct. 27, 2009) ("permitting leave to file an amended complaint alleging newly registered copyrights that would relate back to the commencement of the action is not appropriate where the plaintiff attempted to correct the jurisdictional defect only after the three-year statute of limitations governing copyright

---

[3]Although the copyright registration for the architectural design has since been allowed, and is deemed effective as of November 14, 2008, the fact remains that on February 24, 2009, the date that this lawsuit was filed, Plaintiffs did not yet have the actual registration for the copyright of the architectural design of "The Jefferson." Thus, this Court did not have subject matter jurisdiction over the infringement claim on that day.

infringement claims had elapsed"); *Collezione Europa U.S.A., Inc. v. Amini Innovation Corp.*, 2009 WL 2634648, at *4 (D. N.J. Aug. 26, 2009) ("if the Court were to allow amendments that are out of time to relate back that involve entirely different copyrights for entirely different products, a party could readily evade a statute of limitations by bootstrapping stale copyright claims onto ones that are fresh, thus allowing the exception to swallow the rule").

Thus, this Court will grant the two pending Motions to Dismiss for lack of subject matter jurisdiction, but only as to Plaintiffs' claims of copyright infringement with respect to the architectural design of "The Jefferson." Plaintiffs' claims of copyright infringement with respect to the architectural plans of "The Jefferson" remain. Additionally, because this Court retains jurisdiction over these architectural plans copyright infringement claims, it is proper for the Court to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims (contained in Count III).

## III. FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendant LT Designs, LLC also asserts that Plaintiffs' copyright infringement claims are barred by the applicable statute of limitations. Thus, Defendant LT Designs argues that Count I of Plaintiffs' Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

### A. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, the court must take all facts alleged in the complaint to be true and must construe pleadings in the light most favorable to the plaintiff. *See Chambers v. St. Louis County*,

247 Fed. Appx. 846, 848 (8th Cir. 2007) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). While a plaintiff does not have to "'set out *in detail* the facts upon which he bases his claim,' [Federal Rule of Civil Procedure] 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 554, 555 n.3 (2007) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)) (internal citation omitted). The factual allegations contained in the pleading must "raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must demonstrate his or her entitlement to relief, and "'a formulaic recitation of the elements of the cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

### B. DISCUSSION

The applicable statute of limitations for copyright infringement claims provides, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A claim is said to accrue when the plaintiff knows or has reason to know of the actions that form the basis of the plaintiff's claim. *See Johnson v. Berry*, 228 F. Supp. 2d 1071, 1073 (E.D. Mo. 2002).

In their Complaint, Plaintiffs argue that their copyright infringement claims accrued in March of 2006, when they "obtained information and made observations leading them to conclude that all Defendants had infringed 'The Jefferson' plan." (Complaint, doc. #1, p.5 ¶24). Defendant LT Designs argues that Plaintiffs knew of or should have known of the alleged copyright

9

infringement either in July 2004 when the allegedly infringing plan was filed with the City of O'Fallon, Missouri, or in November 2004, when construction of the allegedly infringing plan was completed. Thus, Defendant LT Designs argues that Plaintiffs' Complaint, which was filed on February 24, 2009, is barred by the applicable statute of limitations. This Court disagrees.

Taking the facts alleged in Plaintiffs' Complaint as true, as this Court is obligated to do, it appears that Plaintiffs were not actually aware of the alleged infringement until March of 2006, and they timely filed their Complaint within the three year limitations period, which concluded in March of 2009. Defendant LT Designs' argument that Plaintiffs were put on notice of the possible copyright infringement claim when the allegedly infringing plan was filed with the City of O'Fallon, Missouri in July of 2004 is not persuasive. Although such filings are available to the general public, there is no reason to believe that Plaintiffs were in the habit of monitoring all such filings, or that they had a duty to do so in order to protect their original works. Moreover, the fact that Arthur and Nyla Sanderson made numerous trips to the model home to take pictures and measurements before they requested a refund of their deposit from Plaintiffs does not increase the likelihood that Plaintiffs could or would anticipate a possible copyright infringement claim. It is common for potential homebuyers to take pictures and measurements in anticipation of a home purchase, and since buying a home is a big investment, backing out of an agreement to do so cannot be considered to be an unusual event that raises red flags. Thus, this Court is not persuaded that the public filing of the allegedly infringing plan or the behavior of Arthur and Nyla Sanderson put Plaintiffs on notice of their copyright infringement claim.

Additionally, Defendant LT Designs' argument that Plaintiffs were put on notice of the possible copyright infringement claim in November 2004, when construction of the allegedly

infringing plan was completed, is unpersuasive. While it is true that the allegedly infringing home was built only 1/3 of a mile away from Plaintiffs' display home, the Court cannot assume that Plaintiffs ever drove past the allegedly infringing home, or that Plaintiffs would realize that it was the same as their original work. Thus, the Court rejects all of Defendant LT Designs' statute of limitations arguments, and its Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Esteem Custom Homes, LLP and Nicholas G. Sigmund's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction [doc. #20] is **GRANTED**, **in part**, and **DENIED**, **in part**. Plaintiffs' claims against Defendants Esteem Custom Homes, LLP and Nicholas G. Sigmund of copyright infringement with respect to only the architectural design of "The Jefferson" are **DISMISSED**, **without prejudice**.

**IT IS FURTHER ORDERED** that Defendant LT Designs, LLC's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for Lack of Subject Matter Jurisdiction [doc. #21] is **GRANTED**, **in part**, and **DENIED, in part**. Plaintiffs' claims against Defendant LT Designs, LLC of copyright infringement with respect to only the architectural design of "The Jefferson" are **DISMISSED**, **without prejudice**.

Dated this 22nd Day of February, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE