UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES F. VATTEROTT ) | |
| CONSTRUCTION COMPANY, and ) | |
| D.L. DESIGN, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00303 ERW |
| ) | |
| ESTEEM CUSTOM HOMES, LLP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Order of February 22, 2010, In View of New and Conflicting Supreme Court Precedent and for Leave to Amend the Complaint [doc. #35]. Upon receiving Plaintiffs' Motion for Reconsideration, the Court issued an Order, vacating the previously scheduled Rule 16 Conference, and directing the Parties to submit briefs regarding the impact of *Reed Elsevier v. Muchnick*, 130 S. Ct. 1237 (2010), on this case. The Parties have complied with the Court's request and the matter is now ready for resolution.

On February 22, 2010, this Court issued a Memorandum and Order [doc. #32], which granted, in part, Defendants Esteem Custom Homes, LLP and Nicholas G. Sigmund's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction [doc. #20], and Defendant LT Designs, LLC's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for Lack of Subject Matter Jurisdiction [doc. #21]. Specifically, the Court determined that because Plaintiff D.L. Design, Inc.'s application for

copyright registration for the architectural design of a residential home known as "The Jefferson" had not been allowed on the date the Complaint was filed, the Court lacked subject matter jurisdiction over this aspect of Plaintiffs' copyright infringement claim. This determination was based on the Court's interpretation of 17 U.S.C. § 411(a), which provides: "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." The Court interpreted this statute to require a plaintiff to have a registered copyright, and not just an application for a copyright registration, before filing a suit for copyright infringement.[1] The Court also determined that if Plaintiffs were permitted to file an amended complaint that related back to the original date of filing, subject matter jurisdiction would still be lacking. Thus, the Court dismissed, without prejudice, Plaintiffs' claims of copyright infringement against Defendants, with respect to only the architectural design of "The Jefferson."

Approximately one week after this Court issued the February 22, 2010 Memorandum and Order discussed in the preceding paragraph, the United States Supreme Court issued an opinion in *Reed Elsevier v. Muchnick*, 130 S. Ct. 1237 (2010). In *Reed Elsevier*, the Supreme Court held that the registration requirement in 17 U.S.C. § 411(a) is not a jurisdictional requirement, rather, it "is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1241, 1245-47. Thus, it is now clear that a court cannot dismiss a copyright infringement claim based on lack of subject matter jurisdiction due to failure to register the

---

[1]This interpretation is commonly known as the "registration approach." A conflicting line of cases follows the so-called "application approach," which allows copyright infringement claims to go forward as long as the application for the copyright registration is pending.

2

copyright at issue. Unfortunately, this is precisely what this Court did in granting (in part) Defendants' various Motions to Dismiss for Lack of Subject Matter Jurisdiction.

Previously, Defendants argued that Plaintiffs' copyright infringement claims related to the architectural design of "The Jefferson" should be dismissed under Federal Rule of Civil Procedure 12(b)(1), which allows parties to challenge a federal court's jurisdiction over the subject matter of the complaint. Defendants argued that this Court lacked subject matter jurisdiction because Plaintiffs' application for copyright registration for the architectural design had not yet been allowed when they filed the Complaint in this case. This Court found Defendants' arguments persuasive, and held that the Court did not have subject matter jurisdiction over Plaintiffs' architectural design copyright infringement claims. The Court thus dismissed those claims under Rule 12(b)(1). However, because the Supreme Court has now established that the existence or lack of copyright registration is not an issue of subject matter jurisdiction, this Court must withdraw its previous decision to dismiss in the Memorandum and Order dated February 22, 2010, and deny Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction.

Defendants argue that the *Reed Elsevier* opinion "may have changed the procedural label for the registration requirement contained in 17 U.S.C. § 411(a), but it did not change the operation of this requirement or the outcome demanded from this requirement. The registration requirement continues to be a mandatory precondition that a plaintiff must meet before filing a copyright infringement claim." (Defs.' Opp. to Mtn. for Reconsideration, doc. #38, pp.1-2). While it is true that registration is a precondition for filing a copyright infringement suit, the issue of whether Plaintiffs' copyright application for the architectural design of "The Jefferson" was sufficient is not before this Court at this time. First, this issue was only before the Court

3

previously as a part of Defendants' various Motions to Dismiss for lack of subject matter jurisdiction, and it is now clear that the issue is not properly considered under such a Motion. Second, it is not clear that this Court has authority to raise the issue *sua sponte*, since the Supreme Court specifically noted: "We also decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Reed Elsevier*, 130 S. Ct. at 1249. The issue of whether Plaintiffs can sue for copyright infringement based on the architectural design of "The Jefferson," even though the copyright application had not yet been allowed when the suit was filed, was not, and is not, properly before this Court. As a result, the Court's prior analysis of this issue, and its subsequent adoption of the registration approach, are not valid.

Most importantly, the issue of whether an application for copyright registration must be merely filed or actually allowed before a copyright infringement case can be initiated will soon be moot. Plaintiffs, in conjunction with their Motion for Reconsideration, also filed a Motion for Leave to Amend the Complaint. This Court previously determined that any effort by Plaintiffs to amend their Complaint would be fruitless, noting:

> If Plaintiffs were allowed to file an amended complaint [incorporating the actual copyright registration of the architectural design] that was effective when filed, Plaintiffs' claims would be barred by the applicable statute of limitations . . . . Thus, if an amended complaint were to have any effect in this case, it would have to related back to the original date of filing, February 24, 2009. However, . . . this Court did not have subject matter jurisdiction over copyright infringement claims regarding the architectural design of "The Jefferson" on February 24, 2009, because the actual registration for the architectural design had not yet been allowed.

4

(Order, doc. #32, p.7). Of course, it is now clear that this Court did have subject matter jurisdiction over copyright infringement claims regarding the architectural design of "The Jefferson" on February 24, 2009. Accordingly, if Plaintiffs are permitted to amend their Complaint to incorporate the actual copyright registration of the architectural design (effective November 14, 2008), and have it relate back to the original date of filing, the issue of whether an application for copyright registration must be merely filed or actually allowed before a copyright infringement case would be irrelevant.

The first issue is whether Plaintiffs should be allowed to amend their Complaint at all. Federal Rule of Civil Procedure 15(a) provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In this case, Plaintiffs cannot amend their Complaint as a matter of course because their Motion to Amend was filed well over 21 days after Defendants served their various Motions under Rule 12(b). Defendants clearly have not provided written consent for Plaintiffs' requested amendment, so this Court must grant leave in order for Plaintiffs to file an Amended Complaint. Under Rule 15(a), leave should be "freely" given, which the Eighth Circuit has stated means that leave "should normally be granted absent good reason for denial. The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)

(internal citations omitted). There is no evidence that any of these "good reasons" for denying a request to amend are present in this case; rather the amendment is necessary to reflect changes in the status of Plaintiffs' application for copyright registration of the architectural design of "The Jefferson." Thus, the Court will grant leave for Plaintiffs to file an Amended Complaint.

However, as previously set forth, allowing Plaintiffs to amend their Complaint will only be of use in this case if the amendment relates back to the date that Plaintiffs filed their original Complaint. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." In this case, the proposed Amended Complaint merely makes a small correction to the copyright infringement claim regarding the architectural design of "The Jefferson." This claim was itself included in the original Complaint, so Defendants were on notice of Plaintiffs' copyright infringement claim when the original Complaint was filed. The Court will thus allow the proposed Amended Complaint to relate back to the original date of filing. Further, because the Amended Complaint states that Plaintiffs own the copyright registration for the architectural design of "The Jefferson," and because the effective date of that copyright registration (November 14, 2008) is before the date that this case was filed (February 24, 2009), the Court need not determine whether an application for copyright registration must be allowed before a copyright infringement suit can be filed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of the Order of February 22, 2010, In View of New and Conflicting Supreme Court Precedent and for Leave to

Amend the Complaint [doc. #35] is **GRANTED**. Plaintiffs' Amended Complaint is accepted for filing by this Court.

**IT IS FURTHER ORDERED** that Defendants Esteem Custom Homes, LLP and Nicholas G. Sigmund's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction [doc. #20] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant LT Designs, LLC's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, for Lack of Subject Matter Jurisdiction [doc. #21] is **DENIED**.

Dated this 21st Day of May, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE